### RIGHT OF A MORTGAGEE TO EJECT.

Common Pleas Court of Hamilton County.

CITY OF CINCINNATI v. WILLIAM FOGARTY ET AL.

Decided, January, 1914.

*No Merger of Legal Title in Action on Note or in Foreclosure—Legal Title in a Mortgagee Distinguished from that in a Grantee—Rights Passing to the Successor in Title...*

1. All the original rights between mortgagor and mortgagee, in the absence of a stipulation to the contrary, pass to their successors in title, whether the transfer be by deed or not, among which rights is the right to eject on condition broken.

2. The action or the right of action on a note secured by a mortgage is merged in the finding of the amount due in the action to foreclose. But there is no merger of the legal title in the action on the note or in foreclosure.

*John E. Fitzpatrick* and *Gideon C. Wilson*, for Emil Homberg.
*Hunt, Bennett & Utter*, for Julia McGill Walters.

DICKSON, J.

This court heretofore on the 15th day of October, 1913 (14 N.P. [N.S.], 599), rendered an opinion in this cause and an entry followed October 18, 1913, ordering defendant Emil Homberg's lien satisfied out of the fund in this court; then within three days defendant, Julia McGill Walters, who claimed to own this fund, filed her motion for a new trial, urging that the court erred in that decision when it said in syllabus 1:

"All the original rights between mortgagor and mortgagee, in the absence of a stipulation to the contrary, pass to their successors in title, whether the transfer be by deed or not, among which rights is the right to eject on condition broken."

Counsel for Julia McGill Walters claim that such a successor can obtain a legal title only by a formal conveyance and they complain because the conclusion reached in the syllabus was not raised by Homberg's counsel and not argued by any one.

If the point made by the court in that syllabus be wrong the decision must be changed with the result in favor of Julia Mc Gill Walters and against Emil Homberg.

On November 17, 1913, it being made to appear to the court that more time was necessary to perfect error, the court set aside the distribution entry of October 18, 1913, and thereafter upon motion the hearing of the motion to distribute was reopened and additional evidence submitted and the claims urged in the motion again urged with other new claims, and arguments were heard and briefs submitted by both sides.

The word "successor" means "in the place of" and is broad enough to include "assignee." In Ohio even though the debt and the right to foreclose be outlawed there remains in the mortgagee his legal title and thus his right to eject (*Bradfield et al* v. *Hale et al*, 67 Ohio St., 316). This right is denied in most states by statute, notably in New York and in Michigan.

After all is said and done a mortgage, together with "its" legal title, is merely a security for a debt.

While a mortgage is in the form of a deed, still it is not a deed. In Ohio the word deed means a conveyance in fee simple. Text writers and some courts, all too freely use catching terms—really misleading, as a "mortgage-deed," a "*quasi-corporation,*" "the common carrier is an insurer." A corporation is such or not, a common carrier is not an insurance company.

In Ohio a mortgagee or his successor has three ways of relief—action on the note or in foreclosure or in ejectment. If there thus be an election to foreclose and a finding therein, this finding by merger destroys the action on the note (*Brigel* v. *Creed,* 65 Ohio St., 40-45). But as we have seen in *Bradfield* v. *Hale, supra,* there can not be a merger of the legal title in an action on the note or in foreclosure.

The fiction that the legal title exists after the deaths of the debt and foreclosure obtains in Ohio. But this archaic survival, whether good or bad, is not passed upon, does not make the mortgage a deed. The fiction here exists to confound and confront the slothful debtor.

While it is true that land conveyed by deed is not reconveyed by a return of the price and the destruction of the deed (*Dukes* v. *Spangler,* 35 Ohio St., 119; *Jeffers* v. *Philo,* 35 Ohio St., 173; *Spangler* v. *Dukes,* 39 Ohio St., 642), and while it is true there can not be a reconveyance by a redelivery (*Baldwin* v. *Bank,* 1 Ohio St., 141), or by an assignment (*Bently* v. *DeForest,* 2 Ohio, 221), yet in Ohio there is no provision by statute, or holding, or *obiter* by the court; which forbids a change of minds and the return of the loan and the destruction of the mortgage.

The money consideration in a deed is money paid—not to be repaid.

The money consideration in a mortgage is money lent—to be repaid.

The recording statutes are for convenience in making titles marketable, good in innocent third parties, and do not aid us here.

Between those not affected by the recording statutes, including the successors of the original mortgagors and mortgagees, when the loan is repaid, the mortgage, as its name suggests, is dead, completely so, and with it the legal title in it.

We have thus seen that the legal title in a mortgagee is not the same as a legal title in a grantee by deed. It has not the same vitality. Hence, this court has no hesitancy in holding in the furtherance of justice that the strict rules of conveyance and reconveyance of a fiction applicable to deeds do not apply to mortgages. The court is aided in this view by the reasoning in the case of *Baird* v. *Ramsey et al,* 2 Ohio C.C.(N.S.), 492, wherein it was held that a mortgagee's assignee not grantee—meaning successor, whether by formal conveyance or not, could not eject a mortgagor, because the legal title had been destroyed by the twenty-one years statute of limitations—inferentially holding that such an assignee, were it not for this statute, could eject.

The order for distribution in favor of Emil Homberg will be again entered.